GARRISON v. HOUSTON, E. & W. T. RY. CO. (No. 1310.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1925.)

Trial ⬅➡143—Issues of fact on which evidence is conflicting are for jury.

Issues of fact, on which evidence is conflicting, are for jury, and court may not direct a verdict, unless facts and circumstances are such that reasonable minds could draw but one conclusion from them.

Appeal from San Jacinto County Court; D. M. Love, Judge.

Action by Lee Garrison against the Houston, East & West Texas Railway Company. Judgment was rendered for plaintiff in the justice court, but, on appeal to the county court, judgment was rendered for defendant on a directed verdict, and plaintiff appeals. Reversed and remanded.

Wm. McMurrey, of Cold Springs, for appellant.

Feagin & Feagin, of Livingston, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

O'QUINN, J. Appellant sued appellee to recover $100 alleged to be the value of a dog killed by one of appellee's freight trains. He also asked for attorney's fees in the sum of $10. The suit originated in the justice court, where appellant had judgment for the full amounts sued for. The case was appealed to the county court. Appellant alleged that the dog was killed by and through the negligence of appellee in the operations of its train. Appellee answered by general demurrer, general denial, and specially that appellant was guilty of contributory negligence in permitting his dog to go upon the railway track and into a place of danger, which contributory negligence was the proximate cause of the dog's death. The case was tried to a jury, but, upon the conclusion of the evidence, the court instructed the jury to return a verdict for appellee, which was done, and judgment accordingly entered, from which judgment appellant has brought this appeal.

We think that appellant's contention that the court erred in directing the verdict should be sustained. When questions of fact are to be determined, the court is not warranted in directing a verdict, unless the facts and circumstances are such that reasonable minds could draw only one conclusion from them; in other words, the court is not justified in taking a case from the jury, where the state of the proof is such that reasonable minds might reach different conclusions from the evidence offered.

We think that there are four questions of fact disclosed by the record, under the state of the evidence, upon which reasonable minds might differ, namely:

(1) Whether appellee had a lookout on the back end of its train that was backing into the town of Shepherd, and which backed over the dog and killed it.

(2) Whether, under all the facts and circumstances, appellee was required to have such lookout.

(3) Whether, under all the facts and circumstances, appellant was guilty of contributory negligence in permitting his dog to enter upon the railway track, a place of danger, and remain until run over by the train.

(4) Was such contributory negligence, if any, the proximate cause of the dog's death?

Because the case will have to be reversed and remanded for another trial, we shall not discuss the evidence, but will say that in our opinion each of the above-mentioned issues is raised by the evidence, and that the evidence is such as to require their submission to the jury.

Reversed and remanded.